*Revised: January 31, 2019*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

Kevin Garey                    Plaintiff(s),         :  No. 19-cv-00345 (ALC) (SDA)

         -against-

Lulu's Fashion Lounge, LLC     Defendant(s).

---------------------------------------------------------------x

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on __April 26, 2019__ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

   **Plaintiff:** This lawsuit concerns whether Defendant is violating the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law and New York State Civil Rights Law, by failing to make its website equally accessible to the visually impaired. Defendants own and operate the website lulus.com. Defendant's website is a gateway to and heavily integrated with their physical locations: listing the store's locations and operation hours; and allowing customers to learn about products, goods, offers and services such as promotions and special offers.

   **Defendant:**
   Defendant's defenses are set forth in its Answer (ECF No. 12), and include (but are not limited to) that Plaintiff lacks standing because he has not suffered injury, that Defendant's website reasonably complies with applicable access standards, and that Plaintiff has unclean hands.

2. **Basis of Subject Matter Jurisdiction:** _____

   **Plaintiff:**
   This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district; the defendant conducted and continues to conduct a substantial and significant amount of business in this district; the Defendant is subject to personal-jurisdiction in this district, in that a substantial portion of the conduct complained of herein occurred in this district.

1

*Revised: January 31, 2019*

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:
Whether Defendant's website was created taking web accessibility into account. Previous complaints of inaccessibility. Issues and accessibility barriers present at time lawsuit was commenced.

Defendant:
Defendant anticipates seeking discovery regarding Plaintiff's allegations of purportedly being denied reasonable access to Defendant's website, including discovery regarding Plaintiff's alleged disability and damages.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on April 30, 2019. In addition, on May 21, 2019, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on April 30, 2019. In addition, on May 21, 2019, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by 1/30/2020.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

2

*Revised: January 31, 2019*

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i.    <u>Depositions</u>: Depositions shall be completed by __1/30/20__ and limited to no more than __2__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before __9/20/19__. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before __12/2/19__.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on __6/14/19__ and responses shall be due on __7/15/19__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.  Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

    The Parties do not anticipate any discovery disputes or limitations on discovery beyond those set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

**7.  Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? __No.__

    b.    Last date to amend the Complaint: __6/14/19__

Revised: January 31, 2019

8. **Expert Witness Disclosures**

At this time, the parties **do**/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by __4/17/20__.

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? __Yes__

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? __No; 7/19/19__

    c. Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

    Yes __X__    No ____

    d. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
    __No.__

10. **Anticipated Motions**

    Plaintiff: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(b) class certification.
    Defendant anticipates making one or more of the following motions: a motion to dismiss in favor of arbitration and/or change of venue on the basis of the terms and conditions in the website, dismissal of class action allegations, or for summary judgment.

11. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than __8/30/19__. The following information is needed before settlement can be discussed:

__Defendants require information concerning Plaintiff's alleged damages, and substantiation on Plaintiff's allegations.__

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by __7/6/20__.

4

*Revised: January 31, 2019*

    b.    The parties anticipate that the trial of this case will require __1__ days.

    c.    The parties do/**do not** (circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a **jury**/bench (circle one) trial.

13. **Other Matters**

None.

_____
_____
_____

Respectfully submitted this __30th__ day of __April__.

ATTORNEYS FOR PLAINTIFF(S):

*/s/Jonathan Shalom*
_____

**Shalom Law, PLLC.**
**124-04 Metropolitan Avenue**
**Kew Gardens, NY 11415**

ATTORNEYS FOR DEFENDANT(S):

_____
Mitchell Silberberg & Knupp LLP
Bradley J. Mullins
Elaine Nguyen
437 Madison Ave., 25th Floor
New York, NY 10022

5